UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCALEE ANDRY, | No. 2:12-cv-00746-KJN |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Supplemental Security Income under Title XVI of the Social Security Act ("Act").[1]  In her motion for summary judgment, plaintiff principally contends that the administrative law judge ("ALJ") erred at step four by finding that plaintiff could perform "past relevant work" ("PRW"), despite the ALJ's finding at step one that plaintiff's past relevant work was not "substantial gainful activity" ("SGA"), and despite evidence of record showing plaintiff's earnings were too low for her work to qualify as SGA.  (Mot. for Summ. J., ECF No. 11 at 11-15.) The Commissioner filed an opposition to plaintiff's motion, as

---

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15) and 28 U.S.C. § 636(c), and both parties voluntarily consented to proceed before a United States Magistrate Judge.  (ECF Nos. 7, 8.)

1

well as a cross-motion for summary judgment.  (Opp'n, ECF No. 15.)  Plaintiff filed Reply briefing in support of her motion.  (Reply, ECF No. 16.)

For the reasons that follow, the court grants plaintiff's motion for summary judgment, denies the Commissioner's cross-motion for summary judgment, and remands the matter for further proceedings.

I.   BACKGROUND

Plaintiff applied for Title XVI disability benefits on April 9, 2009, alleging that her disability commenced on December 31, 2004.  (Mot. for Summ. J. at 4 (citing Administrative Transcript ("AT") 28, 152-55).)  Plaintiff's claims were twice denied, and she appealed.  (Id. (citing AT 28, 98-112).)  Plaintiff requested a hearing before an ALJ, and a hearing occurred on October 18, 2012.  (Id. (citing AT 28).)

In a decision dated November 3, 2010, the ALJ determined that plaintiff had not been under a disability, as defined in the Act, from April 9, 2009, through the date of the decision.  (Id. (citing AT 28).)  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on January 27, 2012.  (Id. (citing AT 1-5).)  On March 23, 2012, plaintiff filed this action for judicial review of the Commissioner's final decision.  (Id.; Compl., ECF No. 1.)

II.   PLAINTIFF'S ARGUMENTS

Plaintiff argues that the ALJ erred at step four by finding that plaintiff could perform PRW, despite the step one finding that plaintiff's childcare work in 2009-10 was *not* SGA given plaintiff's low earnings therefrom, and despite record evidence that plaintiff's childcare work from 2000-04 also yielded earnings too low to constitute SGA.  (Mot for Summ. J. at 11-15.)  Plaintiff also contends that the ALJ improperly weighed the functional assessment of treating physician Dr. Juozokas and rendered an unsupported adverse credibility determination.  (Id. at 17-22.)

III.   LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether: (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record

as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV.   DISCUSSION

   A. Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to benefits pursuant to the Commissioner's standard five-step analytical framework.[2]

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment . . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If

At the first step, the ALJ concluded that plaintiff had "not engaged in substantial gainful activity since April 9, 2009, the application date." (AT 30.)  According to the ALJ's decision,

> The claimant testified that she has provided occasional childcare in her home and charges for this service.  She said she earned about $800 a month for three months in 2010.  *The substantial gainful level of work activity for 2010 is $1000 a month, thus the claimant has not performed at a substantial gainful level of work activity.  The claimant has no earning posted to her record since 2004.*
> The claimant also provides housing for three foster children.  She receives $1,000 a month for each child from a nonprofit State Foster Family Agency which placed the children in her care.  However, that monthly payment is not considered as earned or unearned income.  The monthly payments are meant to provide support to the children for the cost of their care and does not constitute gainful work activity.

(AT 30 (emphasis added) (citing AT 155).)

At step two, the ALJ determined that plaintiff had the following severe impairments: "asthma, sleep apnea, diabetes mellitus, type II, obesity, and depression."  (AT 30.)

At step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that meet or medically equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (AT 31.)

> Before proceeding to step four, the ALJ assessed plaintiff's RFC as follows: "[T]he claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 416.967(b) except secondary to diabetes, she had the need to avoid extreme cold and extreme heat.  Secondary to nervousness and anxiety she is limited to understanding, remembering and carrying out detailed, but not complex instructions; she could make judgments on detailed but not complex work related decisions.  She has the ability to interact appropriately with the public, supervisors and coworkers and respond appropriately to usual work situations and changes in a routine work setting.

(AT 32.)  The ALJ considered the "entire record" in rendering her RFC assessment.  (AT 31-32.)

////

---

not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

4

At step four, the ALJ found that plaintiff was capable of performing past relevant work as a childcare attendant. The ALJ concluded that this work does not require the performance of work-related activities precluded by the claimant's residual functional capacity." (AT 34.) The ALJ continued,

> [t]he vocational expert testified the claimant has past relevant work as a semiskilled childcare attendant, Dictionary of Occupational Titles No. 359.677-010. The vocational expert testified that childcare attendant is classified as medium exertional work in the Dictionary of Occupational Titles. The vocational expert further testified the claimant performed her past relevant work as a childcare attendant at the light exertional level. The vocational expert testified that an individual with the claimant's determined residual functional capacity would be able to perform the claimant's past relevant work as a childcare attendant as she performed it. The undersigned finds the vocational expert is qualified and credible.

(AT 34.)

The ALJ did not proceed to step five, ultimately determining that "[t]he claimant has not been under a disability, as defined in the Social Security Act, since April 9, 2009, the date the application was filed." (AT 35.)

### B. "Past Relevant Work" At Step Four

#### a. *"Past Relevant Work" Must Have Been "Substantial Gainful Activity"*

At step four, the ALJ considers whether a claimant is able to perform PRW in light of his or her residual functional capacity ("RFC"). 20 C.F.R. 416.920(f); Lewis v. Apfel, 236 F.3d 503, 515 (9th Cir. 2001).

A plaintiff's prior work qualifies as PRW for purposes of a disability benefits application "when it was done within the last 15 years, lasted long enough for [the plaintiff] to learn to do it, *and was substantial gainful activity*." 20 C.F.R. § 416.965 (emphasis added). Thus, there are three elements to the existence of PRW: (1) "recency," (2) duration, and (3) *SGA*. See Social Security Ruling 82–62. In short, prior work does not qualify as PRW unless it was SGA. Id.; Lewis, 236 F.3d at 515 ("A job qualifies as past relevant work only if it involved substantial gainful activity.").

A plaintiff's earnings are a presumptive indicator of whether her prior work constitutes SGA; if a plaintiff earns less than the required threshold to constitute SGA, the burden of proof

shifts to the Commissioner to prove SGA with non-earnings evidence. Lewis, 236 F.3d at 515.[3] "The presumption that arises from low earnings shifts the step-four burden of proof from the claimant to the Commissioner." Id. In other words, when a plaintiff's low earnings shift the burden to the Commissioner to show other factors warrant characterizing prior work as SGA, the ALJ must presume that prior work is *not* SGA unless the Commissioner proves otherwise. See id. ("The presumption that arises from low earnings shifts the step-four burden of proof from the claimant to the Commissioner."). "With the presumption, the claimant has carried his or her burden *unless the ALJ points to substantial evidence, aside from earnings, that the claimant has engaged in substantial gainful activity.*" Id. (emphasis added). Plaintiff does not have any burden to prove that she is unable to perform work that does not constitute PRW. Id. at 515-16.

To rebut the presumption triggered by low earnings, the Commissioner considers other non-earnings evidence to determine whether a claimant's past job is SGA.[4] Lewis, 236 F.3d at 515. For instance, where there is other evidence indicating the claimant was engaged in SGA, or that a claimant was in the position to control the amount of wages he or she was paid, the Commissioner may consider whether the work performed is "comparable to that of unimpaired people in [the employee's] community who are doing the same or similar occupations as their means of livelihood, taking into account the time, energy, skill, and responsibility involved in the work[.]" 20 C.F.R. §§ 404.1574(b)(3)(ii)(A) & 416.974(b)(3)(ii)(A). The Commissioner may also rely upon evidence that the employee's work is clearly worth more than the SGA amounts

---

[3] Prior work performed between January of 1990 and June of 1999 constitutes substantial gainful activity if the claimant earned more than $500 per month on average. See 20 C.F.R. § 416.974(b)(2)(i) (Table 1). Prior work performed between July of 1999 and December of 2000 constitutes substantial gainful activity if the claimant earned more than $700 per month on average. See id. Prior work performed after January 1, 2001, constitutes substantial gainful activity if the claimant earned on average per month more than $740 in 2001, $780 in 2002, $800 in 2003, $810 in 2004, $830 in 2005, $860 in 2006, $900 in 2007, $940 in 2008, $980 in 2009, $1,000 in 2010, $1,000 in 2011, $1,010 in 2012, and $1,040 in 2013. See Monthly Substantial Gainful Activity Amounts Chart, available at http://www.ssa.gov/OACT/COLA/sga.html.

[4] Although earnings are the "primary" consideration in evaluating SGA, the fact that the earnings are not substantial "will not necessarily show that you are not able to do substantial gainful activity." 20 C.F.R. § 404.1574(a)(1); see Lewis, 236 F.3d at 515 ("Earnings can be a presumptive, but not conclusive, sign of whether a job is substantial gainful activity.").

provided for the particular calendar year in the Commissioner's Earning Guidelines based upon the prevailing pay scales in the employee's community.  Id. at §§ 404.1574(b)(3)(ii)(B) & 416.974(b)(3)(ii)(B).

In this case, the ALJ determined at step one that plaintiff's childcare work between April 9, 2009, and the date of the hearing was *not* SGA due to plaintiff's low earnings, then without explanation found that similar work performed from 1995 to 2009 — with similarly low earnings — *was* SGA at step four.  (AT 30; 34.)

    b. *The ALJ's Findings At Steps One And Four*

As plaintiff compellingly argues, the ALJ rendered somewhat conflicting findings as to whether plaintiff's prior childcare work constitutes SGA.  At step one, the ALJ determined that plaintiff's prior childcare work did not constitute SGA in 2009-10 because "she earned about $800 a month for three months in 2010," and because "[t]he substantial gainful level of work activity for 2010 is $1,000 a month, thus the claimant has not performed at a substantial gainful level of work activity."  (AT 30.)  The ALJ also determined that "[t]he claimant has no earning posted to her record since 2004."  (Id.)

However, at step four and with no explanation, the ALJ implicitly found that at least some of plaintiff's past childcare work constituted SGA, concluding that "claimant has past relevant work as a semiskilled childcare attendant."  (AT 34.)  Because work does not qualify as PRW unless it was also SGA, the ALJ's step four finding somewhat contradicts her step one finding.  In short, the ALJ characterized plaintiff's childcare work performed in 2009-10 as *not* SGA at step one, citing plaintiff's below-threshold earnings, then at step four implicitly characterized the same work performed in 2000-2004 as SGA by finding that work to be PRW, making no mention of the record evidence (AT 156-57, 160) showing plaintiff's similarly below-threshold earnings therefrom.  (AT 30, 34.)

At step one, the ALJ cited to the portion of the record where the Commissioner's earnings records commence, with the next several pages showing those low earnings and the fact that plaintiff had no income after 2004.  (Id. (citing AT 155); AT 156-57.)  Yet at step four, the ALJ never mentioned plaintiff's pre-2009 earnings, never described evidence of those earnings or any

7

conflicts in evidence thereon, and never addressed non-earnings evidence to rebut the non-SGA presumption that arises from evidence of low earnings.  See Lewis, 236 F.3d at 515; 20 C.F.R. §§ 404.1574(b)(3)(ii)(A)-(B) & 416.974(b)(3)(ii)(A)-(B).  Accordingly, the ALJ's step one finding that plaintiff's 2009-10 childcare work was not SGA due to low earnings is, absent explanation from the ALJ, rather inconsistent with the step four finding that plaintiff's 2000-04 childcare work — with evidence of similarly low earnings — nevertheless qualified as SGA.

        c. *At Step Four, The ALJ's PRW Analysis Made No Mention Of SGA And Made No Mention Of Plaintiff's Earnings*

   The ALJ expressly deemed plaintiff's earnings from her childcare work in 2009-10 as too low to amount to SGA at step one.  (AT 30.)  Yet there is record evidence that plaintiff's 2000-04 average monthly childcare earnings were similarly too low to amount to SGA at step four.  (AT 156-57, 160.)  This evidence triggered a presumption that plaintiff's childcare work was *not* SGA and shifted the burden to the Commissioner to prove SGA.  See Lewis, 236 F.3d at 515.  At step four, however, the ALJ gave no indication that she recognized the presumption or the evidence of plaintiff's low earnings.  The ALJ also made no attempt to identify evidence pertaining to factors other than earnings, see id., that would tend to show plaintiff's childcare work otherwise qualifies as SGA.  (AT 34-35.)  Instead, the ALJ's step four findings articulate the ALJ's views of plaintiff's RFC but fail to elucidate whether plaintiff's childcare work and earnings therefrom satisfy the requirements for SGA.  (AT 34.)  In short, the ALJ failed to provide reasons supported by substantial evidence that establish plaintiff's childcare work was SGA and was therefore PRW.  The ALJ should have proceeded to step five of the sequential process.  Lewis, 236 F.3d at 515 ("If a claimant . . . did not do past relevant work, then the ALJ moves to step five").

   In Lewis, the claimant's low earnings raised a presumption that he did not engage in SGA, a presumption the ALJ unsuccessfully tried to rebut.  Id. at 515–16.  Unlike the ALJ in Lewis — where the ALJ made a finding, subsequently reversed, that the claimant's work was SGA — in this case the ALJ made an *explicit* finding at step one that plaintiff had *not engaged in SGA* due to low childcare earnings in 2009-10, and then made *no* effort to assess evidence of plaintiff's low childcare earnings in 2000-04 (AT 156-57, 160) or to rebut the presumption arising from such

evidence.  (AT 30.)  The ALJ could have attempted to discount certain earnings records as unreliable or in conflict, and/or could have looked at non-earnings evidence to conclude that plaintiff's childcare work was indeed SGA notwithstanding records showing low earnings, but she did not do so.  (AT 30, 34.)  See, e.g., Goodhall v. Colvin, No. EDCV 12–01525–JEM, 2013 WL 3449513, at *4-5 (C.D. Cal. July 9, 2013) (unpublished) (remanding where ALJ's step one finding that earnings were too low to constitute SGA conflicted with step four finding that same work constituted PRW).

There is evidence of record indicating that plaintiff's childcare earnings were indeed too low to qualify such work as SGA, and plaintiff's counsel argued as much during the hearing.  (AT 88, 156-57, 160.)  Yet at step four, the ALJ made no effort to discuss the evidence of low earnings or to rebut the presumption that plaintiff was not engaged in SGA.  See Lewis, 236 F.3d at 517 (ALJ erred in step four determination that plaintiff could perform his past relevant work because the ALJ "did not rebut the presumption that [plaintiff] had not engaged in substantial gainful activity, and thus had not engaged in past relevant work[]").

d. *The ALJ Erred At Step Four By Not Addressing Record Evidence Of Plaintiff's Average Monthly Earnings From Childcare Work*

The ALJ's step four analysis never addressed the evidence of plaintiff's earnings from her childcare work in 2000-04.  (AT 34.)  The Commissioner's own records concerning plaintiff's earnings constitute evidence of these low earnings.  (AT 155-60 (Commissioner's charts showing that, for the period between 1995 and 2009, plaintiff earned totals of $154 in 1997; $567 in 2000; $3,225 in 2001; $1,947 in 2002; $6,604 in 2003; and $3,489 in 2004.)  Indeed, at step one the ALJ cited to some of these records in concluding that plaintiff's 2009-10 childcare work yielded earnings too low for that work to qualify as SGA, and to find that plaintiff had no records of any childcare earnings since 2004.  (AT 30 (citing AT 155).)  There is no indication that the ALJ believed these records to be inaccurate reflections of plaintiff's childcare earnings.

In challenging the ALJ's step four analysis, plaintiff cites to these annual earnings records (AT 156-57, 160) and argues that when these annual "earnings are averaged over the relevant period of work, as required under 20 C.F.R. § 416.974a and SSR 83-35 . . . her earnings were

below the average monthly SGA amounts for each year." (Mot. for Summ. J. at 14-15.) The average monthly SGA amounts for the relevant years are: $700 in 1997; $700 in 2000; $740 in 2001; $780 in 2002, $800 in 2003; and $810 in 2004.) See 20 C.F.R. § 416.974(b)(2)(i) (Table 1); Monthly Substantial Gainful Activity Amounts Chart, available at http://www.ssa.gov/OACT/COLA/sga.html.

When plaintiff's annual incomes from childcare work are averaged into monthly totals during the work periods of these relevant years, the monthly totals are all too low to qualify as SGA. (See Mot. for Summ. J. at 14-15 (chart calculating plaintiff's average monthly incomes and comparing them to the monthly incomes required to qualify as SGA).) Yet the ALJ never addressed plaintiff's income from her childcare work in these years, let alone her average monthly incomes for SGA purposes. The ALJ made no attempt to analyze whether such work qualified as SGA given the evidence of plaintiff's low earnings amounts (AT 156-57, 160); instead, the ALJ implicitly assumed the work was SGA when she determined such work to be PRW at step four. (AT 34.) Nothing in the ALJ's decision explains the ALJ's step four finding of PRW (and implicit finding of SGA) despite evidence of plaintiff's below-SGA earnings. The ALJ also provided no discussion of non-earnings evidence that might rebut the non-SGA presumption stated in 20 C.F.R. § 416.973.[5] Accordingly, the ALJ's step four finding of SGA is erroneous. See Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001) ("Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion."). An ALJ must make "specific findings on the record at each phase of the step four analysis" to provide for "meaningful judicial review." Id. at 847.

////

---

[5]   Neither the ALJ nor the Commissioner identified any non-earnings evidence in the record tending to prove plaintiff's childcare work in 2000-04 amounted to SGA despite the evidence of plaintiff's low earnings. (AT 156-57, 160.) For instance, the record contains no evidence of prevailing pay scales for childcare attendants in plaintiff's community and no evidence that unimpaired people in plaintiff's community performed comparable work for profit, and the ALJ did not discuss these issues at step four (AT 34). See 20 C.F.R. §§ 404.1574(b)(3)(ii) & 416.974(b)(3)(ii).

e.  *Defendant Has Not Shown The Error At Step Four Was Harmless*

Defendant has not compellingly explained the ALJ's failure to address plaintiff's earnings from her past childcare work at step four, and defendant has not compellingly demonstrated that this failure amounts only to harmless error.  Defendant argues that "the record is ambiguous" on the issue of plaintiff's income from childcare work, and therefore that "the ALJ's choice of resolving the conflict based on the vocational expert's testimony was rational."  (Opp'n at 8.)

Defendant is correct that the record contains some conflicting evidence regarding plaintiff's childcare earnings in 2001-04.  (Opp'n at 8-9.)  Defendant highlights different earnings records (AT 167, 175) wherein plaintiff reported earning "$75 per day" and working "5 days per week" in the years 2001 through 2004, which would equal monthly earnings of $1,500 and exceed the minimums required to qualify as SGA.  (Compare AT 167, 175 (indicating monthly averages exceeding SGA minimums) with AT 156-57, 160 (indicating monthly averages below SGA minimums).)  However, defendant is incorrect that this conflicting evidence renders harmless the ALJ's failure to discuss the issue of plaintiff's earnings and their impact on the SGA component of the PRW analysis at step four.  Defendant argues that the ALJ properly relied on vocational expert ("VE") testimony to "resolve the conflict" in the earnings evidence, but this argument is not well-taken.[6]

---

[6]  Defendant is correct that an ALJ may rely in part upon a VE's testimony during the step four analysis regarding SGA.  (Opp'n at 9 (citing Hubbard v. Astrue, No. 1:07–cv–01225–SMS, 2009 WL 2488152, at *13-15 (E.D. Cal. Aug. 13, 2009) (unpublished) (upholding ALJ's step four analysis due in part to VE's testimony that plaintiff could do his former job as a waiter, and due in part to other evidence rebutting presumption arising from low earnings).)  However, the Hubbard decision does not compel the undersigned to affirm the ALJ's decision in this particular case.  The analysis in Hubbard somewhat diverges from the requirements of the binding Lewis decision, which requires *an ALJ to affirmatively rebut* the presumption arising from a plaintiff's low earnings.  Lewis, 236 F.3d at 515-16.  Moreover, while the court in Hubbard undertook the ALJ's task of discussing aspects of plaintiff's prior work in effort to rebut the presumption arising from low earnings, that court did not address evidence of prevailing pay scales for similar jobs in plaintiff's community or other similar non-earnings evidence of SGA.  See, e.g., 20 C.F.R. §§ 404.1574(b)(3)(ii) & 416.974(b)(3)(ii) (SGA for employees); 20 C.F.R. § 404.1575 (SGA for self-employed people).  Moreover, it is unclear whether the ALJ in Hubbard rendered the sorts of contradictory findings at steps one and four, as the ALJ did in this case.  (AT 30, 34.)  In any event, defendant has not sufficiently analogized to Hubbard or discussed any non-earnings evidence — aside from broadly directing the court to the VE's testimony — in a way that would compel a result other than remand.  See Lewis, 236 F.3d at 515 (remanding where presumption

First, by focusing on the conflicting earnings evidence in efforts to preserve the ALJ's step four determination, defendant asks the court to rely on reasons not actually asserted in the ALJ's decision. Defendant essentially asks the court to ignore the implications of the ALJ's step one finding yet preserve the step four finding, even though both SGA findings are based on extremely similar evidence: low earnings derived from childcare work. (AT 156-57, 160.) Indeed, the conflicting earnings evidence cited in defendant's Opposition (Opp'n at 8-9 (citing AT 167, 175)) is not discussed within the ALJ's decision — and neither is the existence of a in evidence. Therefore, defendant's new "reason" for the ALJ's step four decision cannot be properly considered here. The court's review is constrained to the reasons asserted by the ALJ in the ALJ's decision. See Orn, 495 F.3d at 630 ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.").[7]

////

---

was triggered by the plaintiff's low earnings, and where the ALJ failed to adequately rebut the presumption with non-earnings evidence in accordance with 20 C.F.R. § 404.1573(b) & 416.973(b)); Goodhall, 2013 WL 3449513, at *4-5 (remanding where ALJ's step one finding that work was *not* SGA conflicted with step four finding that the same work was PRW — and thus was SGA — where ALJ failed to rebut the presumption triggered by the plaintiff's low earnings, and where the Commissioner "cited no case or regulation providing that, where there has been a step one finding of no SGA, the ALJ nonetheless may determine at step four that a claimant can perform PRW"); Burnett v. Astrue, No. EDCV 10–00105 SS, 2010 WL 3853078, at *3-5 (C.D. Cal. Sept. 29, 2010) (unpublished) (remanding where record indicated plaintiff's earnings were too low for SGA, and because the non-earnings evidence of record was insufficient for ALJ to determine whether plaintiff had PRW).

[7]   See also Connett, 340 F.3d at 874 ("We are constrained to review the reasons the ALJ asserts"); accord Tommasetti, 533 F.3d at 1039 n.2 (declining to review reasons provided by the district court in support of the ALJ's credibility decision that were not "expressly relied on" by the ALJ during the administrative proceedings); accord Pinto, 249 F.3d at 847 (noting that the Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision"); Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) ("[W]e are wary of speculating about the basis of the ALJ's conclusion — especially when his opinion indicates that the conclusion may have been based exclusively upon an improper reason."); Barbato v. Comm'r of Soc. Sec. Admin., 923 F. Supp. 1273, 1276 n.2 (C.D. Cal. 1996) (remand is appropriate when a decision does not adequately explain how a decision was reached, "[a]nd that is so even if [the Commissioner] can offer proper post hoc explanations for such unexplained conclusions," because "the Commissioner's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council") (citation omitted).

Second, there is simply no indication that the ALJ was aware of any conflict in the earnings evidence, or that the ALJ intended to rely on the VE's analysis of plaintiff's earnings from childcare work to resolve this unmentioned conflict. (AT 34.) On review of the hearing transcript, the VE made no mention of plaintiff's childcare earnings, and the ALJ did not question the VE about plaintiff's earnings. (AT 83-85.) There is no indication the VE intended his passing reference to "past relevant work" to signify having assessed whether plaintiff's earnings requirements qualified her childcare work as SGA. (Id.) The ALJ relied on the VE's testimony regarding job tasks inherent in childcare work, not on any testimony regarding plaintiff's *earnings* from such work. (AT 34.) As plaintiff notes, the VE's testimony was about positions plaintiff had previously held, not whether those positions qualified as PRW for purposes of step four. (Reply at 2.) Moreover, "at no point during the hearing did the ALJ make any attempt to question whether the VE had any knowledge of the standard for past relevant work, the SGA rules, or whether the VE had reviewed any of plaintiff's actual earnings records or other statements. Thus, defendant's position essentially relies on the VE's testimony for support on an issue which his testimony did not actually address, and as such, does not constitute substantial evidence to support the ALJ's burden at step four." (Reply at 2-3.)

In this case, because there is no indication that the ALJ was even aware of the conflict in evidence of plaintiff's average monthly earnings, no discussion of SGA or the evidence of plaintiff's earnings at step four, and no actual testimony from the VE regarding such earnings, it is a stretch for defendant to describe the ALJ as having relied on the VE's expert testimony regarding plaintiff's earnings to conclude such earnings exceeded the SGA minimums. Again, "[a]lthough the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support [her] conclusion," and an ALJ must make "specific findings on the record at each phase of the step four analysis" to provide for "meaningful judicial review." Pinto, 249 F.3d at 844, 847. There is simply no indication that the ALJ analyzed the evidence of plaintiff's childcare earnings and/or whether those earnings qualified her prior work as SGA at step four. Without a clear finding that plaintiff's prior childcare work *was indeed SGA*, neither the VE's testimony nor the ALJ's finding that plaintiff could perform such work inform

the PRW analysis at step four.  See, e.g., Goodhall, 2013 WL 3449513 at *4-5 (remanding despite Commissioner's argument that ALJ adequately supported step four analysis by citation to VE's testimony that plaintiff could perform her PRW).

The ALJ's failures to explicitly discuss SGA and the conflicting earnings evidence (AT 156-57, 160, 176, 175) at step four were not harmless.  Given the unresolved conflict in material evidence of plaintiff's childcare earnings, it cannot be said that substantial evidence supports a finding that plaintiff's earnings qualified her previous childcare work as SGA.  The conflict in such evidence must be resolved before plaintiff's entitlement to benefits can properly be analyzed.

        f.   *Remand*

Because the ALJ improperly treated plaintiff's past childcare work as SGA at step four without properly explaining this determination, as was the ALJ's burden, the ALJ erred.  This error was not harmless, and the ALJ's non-disability determination is not supported by substantial evidence.  The ALJ did not make alternative findings at step five that there were other jobs plaintiff could perform, and thus the ALJ's error at step four compels remand.  Accordingly, the matter is remanded so the ALJ may make proper, specific findings at step four on whether plaintiff's past childcare work actually constituted SGA.  Remand is appropriate because additional proceedings could remedy defects in the Commissioner's decision.  See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).

Because the record is not sufficiently developed on the issue of whether plaintiff's previous childcare work amounts to SGA, on remand the ALJ may wish to take additional testimony from plaintiff and/or a VE in order to resolve the above-described conflict in the evidence regarding plaintiff's childcare earnings.  (Compare AT 156-57, 160 with 167, 175.)  If the ALJ determines that plaintiff's childcare earnings were too low to qualify such work as SGA, the ALJ would then need to apply the presumption against SGA based on those low earnings, and the ALJ would need to apply the following five factors to determine whether plaintiff's prior work constitutes SGA *despite low earnings*: (1) "the nature of the claimant's work"; (2) "how well the claimant does the work"; (3) if the work is done under special conditions"; (4) "if the

14

claimant is self-employed"; and (5) "the amount of time the claimant spends at work." See Burnett, 2010 WL 3853078, at *3-5 (remanding for further proceedings to address SGA analysis where ALJ failed to rebut presumption arising from evidence of low earnings) (citing Lewis, 236 F.3d at 515-16.) "Generally, an ALJ should not consider activities like taking care of oneself, household tasks, hobbies, school attendance, club activities, or social programs to be substantial gainful activities." Id. (citing Lewis, 235 F.3d at 516.)

By remanding this matter for further proceedings, the undersigned does not intend to suggest that the ultimate outcome should or should not be different. Instead, the matter is remanded because the ALJ's decision is legally deficient for the reasons set forth herein.

### C. Plaintiff's Other Arguments

Because this case is remanded in light of the foregoing, there is no need to address plaintiff's remaining arguments regarding the weight the ALJ gave to the treating physician's opinion and the ALJ's adverse credibility determination. Those issues are preserved; however, on remand the ALJ may wish to further explain the bases for her determinations thereon.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 11) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 15) is denied; and

3. The Clerk is directed to enter a judgment in favor of plaintiff pursuant to sentence four of 28 U.S.C. § 405(g) and remand this matter to the Social Security Administration for further proceedings.

IT IS SO ORDERED.

Dated: September 18, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE